IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Randy Lee Valentine, #198972, | ) | |
| | ) | C.A. No.  4:06-1617-HMH-TER |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Detective Tina Celeste Dodd (Sued in Her | ) | |
| Individual Capacity), | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 for the District of South Carolina.[1]  Randy Lee Valentine ("Valentine"), a state prisoner proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983.  In his Report and Recommendation, Magistrate Judge Rogers found that Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), bars Valentine from proceeding with the instant § 1983 action and recommended dismissing Valentine's action without prejudice and without issuance and service of process and counting the dismissal a "strike" for purposes of the three strikes rule set forth in 28 U.S.C. § 1915(g).  Valentine filed an objection to the Report and Recommendation on June 27, 2006. For the reasons stated below, the court declines to adopt the Report and Recommendation.

---

[1]The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1) (West Supp. 2006).

## I. Factual and Procedural Background

In his complaint, Valentine alleges that he was arrested on May 28, 2003.  (Compl. 4.) Valentine asserts that his arrest pursuant to warrants numbered #H-342175 and #H-432176 was a "false arrest" in violation of Valentine's rights as protected under the Fourth Amendment to the United States Constitution.  (Id. 3-4.)  Valentine contends that Detective Tina C. Dodd ("Dodd") "[c]onveyed false information To The [sic] judicial officer" and  "procured prosecution by lying to the prosecutor about The [sic] false allegations related to [him] drugs/trafficking [sic] heroin."  (Id. 4-6.)  Valentine seeks monetary damages on his claim.  (Id. 7.)

Magistrate Judge Rogers found that Heck bars Valentine from proceeding on his claim because Valentine has not shown that the "Greenville County criminal prosecutions resulting from the execution of the subject arrest warrants terminated in his favor, nor does he allege that his conviction(s) for heroin possession has (or have) been overturned or set aside by way of appeal, PCR, habeas corpus, or otherwise."  (Report and Recommendation 1.)  As such, Magistrate Judge Rogers recommends summarily dismissing the case.  Moreover, because Valentine has been informed of the requirements set forth in Heck in another case he recently filed, Valentine v. Brewster, civil action number 4:06-639-HMH, Magistrate Judge Rogers recommends counting the dismissal as a strike.

## II. Discussion of the Law

Objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Report and

Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

After review, the court finds that Valentine has raised two specific objections.  Valentine argues that Heck does not bar his claim and objects to this action being counted as a strike.

Under Heck, "in order to recover damages [under § 1983] for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," Valentine must "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  512 U.S. at 486-87.  "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  "It is only when . . . the logical application of the § 1983 judgment would *not necessarily* invalidate the underlying conviction that the § 1983 case can proceed."  Ballenger v. Owens, 352 F.3d 842, 846 (4th Cir. 2003)

In his objections, Valentine argues that Heck does not bar the instant claim because he "suffered no criminal conviction as a result of" the arrest.  (Objections 2.)  To the extent Valentine's § 1983 claim is unrelated to any conviction on his record and Valentine can prove that charges resulting from the arrest, if there were any, are no longer pending, Heck does not bar Valentine's claim.  At this point in the proceedings, given Valentine's representations, the court finds that summary dismissal under Heck and deeming this case a strike for purposes of

the three-strikes rule would be inappropriate.[2]  As such, the court declines to adopt the

Magistrate Judge's Report and Recommendation.

        **IT IS SO ORDERED**.


                                    s/Henry M. Herlong, Jr.
                                    United States District Judge

Greenville, South Carolina
July 6, 2006

---

[2]This order shall not be construed to bar reconsideration of either <u>Heck</u>'s applicability to the case or its possible designation as a strike once the record is more fully developed.