IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Randy Lee Valentine, #198972, ) | |
| ) | C.A. No. 4:06-1617-HMH-TER |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Detective Tina Celeste Dodd (Sued in Her ) | |
| Individual Capacity), ) | |
| ) | |
| Defendant. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 for the District of South Carolina.[1] Randy Lee Valentine ("Valentine"), a state prisoner proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983. In his Report and Recommendation, Magistrate Judge Rogers recommends granting Detective Tina Celeste Dodd's ("Dodd") motion for summary judgment and denying Valentine's motion for default judgment. Valentine filed objections to the Report and Recommendation. For the reasons stated below, the court adopts the Report and Recommendation and grants Dodd's motion for summary judgment and denies Valentine's motion for default judgment.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

1

## I. Factual and Procedural Background

In his complaint, Valentine alleges that Dodd "[c]onveyed false information To The judicial officer, To circumvent probable cause." (Compl. 4.) Valentine alleges that as a result of the issuance of the fraudulently obtained warrants, Valentine was arrested without probable cause. (Id. 4(B).) In addition, Valentine asserts claims for excessive force during arrest and emotional distress. (Id. 4-4(B).) Valentine seeks monetary damages. (Id. 5.)

On October 3, 2006,[2] Valentine filed a motion for default judgment arguing that Dodd failed to timely file an answer to the complaint. On January 12, 2007, Dodd filed a motion for summary judgment. The Magistrate Judge recommends denying Valentine's motion for default judgment and granting Dodd's motion for summary judgment. (Report and Recommendation 12.)

## II. Discussion of the Law

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

After review, the court finds that the majority of Valentine's objections are non-specific, unrelated to the dispositive portions of the Report and Recommendation, or merely restate his claims. However, the court was able to glean two specific objections.

---

[2]See Houston v. Lack, 487 U.S. 266 (1988).

2

### A.  Default Judgment

First, Valentine objects to the Magistrate Judge's recommendation to deny Valentine's motion for default judgment. (Objections 2.) Valentine asserts that Dodd was served with the complaint on September 1, 2006, and that she was required to file an answer within twenty days pursuant to Rule 12(1)(A) of the Federal Rules of Civil Procedure. (Pl.'s Mem. Supp. Mot. Default J. 1.) Dodd filed an answer on September 22, 2006. Therefore, Dodd argues that he is entitled to default judgment. (Pl.'s Mot. Default J. 1.)

The Magistrate Judge recommends denying Valentine's motion for default judgment because he failed to properly effect service on Dodd. (Report and Recommendation 1-2.) In support of this conclusion, the Magistrate Judge found that Patsy Howard ("Howard"), secretary to the Chief of the Greenville County Detention Center, was served with the summons and complaint instead of Dodd. Valentine concedes that the summons and complaint was served on Howard, but asserts that "[t]he default is valid because the Defendant made a general appearance, and answered the Summons & Complaint [L]ate." (Objections 2-4.) This argument is without merit.

Valentine's service of process on Howard did not constitute proper service on Dodd. Pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, in order for service to have been properly effected on Dodd, Howard must have been Dodd's authorized agent for service of process to accept the summons and complaint on her behalf. There is no evidence that Howard was Dodd's authorized agent for service of process. Therefore, because Dodd was not properly served on September 1, 2006, no duty arose for her to respond to the complaint within twenty days, and default judgment is not appropriate. See Carimi v. Royal Caribbean Cruise Line, Inc., 959 F.2d 1344, 1345 (5th Cir. 1992) ("If a court lacks jurisdiction over the

parties because of insufficient service of process, the [default] judgment is void and the district court must set it aside."). Further, Valentine suffered no prejudice as a result of the timing of Dodd's filing of the answer. Based on the foregoing, Valentine's motion for default judgment is denied.

### B. Summary Judgment

Second, Valentine objects to the Magistrate Judge's finding that his excessive force claim should be dismissed. Valentine alleges in his complaint that

> plaintiff was arrested on May 28, 2003, as he was stepping out of his wife's car, when Detective Tina C. Dodd, City Police Officer Matt Justice, and Detective Erwin Brewster, violently and deadly jump out of their's cars, pointing there guns straight to my head as to kill, maliciously and sadistically and without need or provocation, plaintiff got face down on the ground was arrested without incident, and handcuffed.

(Compl. 4.) The Magistrate Judge found the officers' actions to be objectively reasonable because of the high-risk nature of drug arrests and because Valentine was in his vehicle at the time of his arrest and thus obstructed from the officers' view when they arrived to arrest him. (Report and Recommendation 11.)

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor.

4

See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  Id. at 248.

Valentine's § 1983 claim alleges that Dodd used excessive force against him in violation of the Fourth Amendment.  Dodd argues that qualified immunity shields her from liability.

> When presented with a section 1983 claim to which qualified immunity has been asserted as a defense, a court must first determine whether the plaintiff has alleged the deprivation of a constitutional right.  Only if a constitutional claim has been alleged should [a court] proceed to the determination of whether qualified immunity shields the defendant from liability.

Young v. City of Mount Ranier, 238 F.3d 567, 574 (4th Cir. 2001).  "This order of procedure is designed to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."  Wilson v. Layne, 526 U.S. 603, 609 (1999) (internal quotation marks omitted).  "Deciding the constitutional question before addressing the qualified immunity question also promotes clarity in the legal standards for official conduct, to the benefit of both the officers and the general public."  Id.

Therefore, the court must first ask whether, "[t]aken in the light most favorable to the party asserting the injury . . . the facts alleged show the officer's conduct violated a constitutional right."  Saucier v. Katz, 533 U.S. 194, 291 (2001).  The court finds that Valentine has not alleged a constitutional violation.  Claims that a police officer has used excessive force, or even deadly force, "in the course of an arrest, investigatory stop, or other seizure of a free citizen should be analyzed under the Fourth Amendment and its

5

reasonableness standard." Milstead v. Kibler, 243 F.3d 157, 162 (4th Cir. 2001) (internal quotation marks and citations omitted).

A court must judge the officer's use of force "from the perspective of a reasonable officer on the scene," and not with the benefit of hindsight. Id. at 163. Courts must allow for the fact that police officers must make "split-second" decisions in situations that are "tense, uncertain, and rapidly evolving." Id. Therefore, courts need not sort through conflicting versions of the facts, but must "focus instead on what the police officer reasonably perceived." Id.

Viewing the situation as Dodd perceived it and taking into account Valentine's version of events, Valentine does not state a constitutional violation. In his objections, Valentine objects to the Magistrate Judge's finding "because plaintiff was not sitting inside his car . . . ." (Objections 15.) However, Valentine alleges that "[a]s I pulled in the driveway, I could see the City police car approaching me from behind in my mirror," and that the officers pointed their guns at him "as he was stepping out of his wife's car." (Id. 12.) Therefore, nothing in Valentine's recitation of facts contradicts Dodd's statement in her affidavit that Valentine was in his car when she drew her weapon. (Dodd Aff. ¶13.) In addition, it is undisputed that Valentine was being arrested on drug charges. Further, Valentine does not allege that he was physically harmed or that any other force was used during the arrest. In fact, Valentine states that he was "arrested without incident." (Objections 13.) Under these circumstances, Valentine has presented no allegations which would support a finding that Dodd or the other arresting officers used excessive force during his arrest. Based on the foregoing, Dodd's motion for summary judgment is granted. After a thorough review of the

6

Report and the record in this case, the court adopts Magistrate Judge Rogers' Report and Recommendation.

Therefore, it is

**ORDERED** that Valentine's motion for default judgment, docket number 15, is denied. It is further

**ORDERED** that Dodd's motion for summary judgment, docket number 22, is granted.

**IT IS SO ORDERED**.

                                                      s/Henry M. Herlong, Jr.
                                                      United States District Judge

Greenville, South Carolina
July 16, 2007

## NOTICE OF RIGHT TO APPEAL

The plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.